R. Matthew Pettigrew, Jr.
Markowitz & Richman
123 South Broad Street – Suite 2020
Philadelphia, PA 19109
215-875-3132
Attorneys for Plaintiffs

---

**United States District Court**
**District of New Jersey**

---

**Trustees of Teamsters Pension Trust Fund**
**of Philadelphia & Vicinity**
    and
**Trustees of Teamsters Health & Welfare Fund**
**of Philadelphia & Vicinity**
6981 North Park Drive – Suite 400
Pennsauken, NJ 08109,

                  Plaintiffs

          v.

**Royal Petroleum Corporation**,
685 Elmwood Avenue
Sharon Hill, PA 19079,

                  Defendant

Civil Action

No.

---

**Complaint**

---

The plaintiffs, the Trustees of Teamsters Pension Fund of Philadelphia & Vicinity and the Trustees of Teamsters Health & Welfare Fund of Philadelphia & Vicinity, by and through their attorneys, Markowitz & Richman, hereby file this complaint, and with regard to the defendant, Royal Petroleum Corporation, allege:

**Jurisdiction and Venue**

1. This action is instituted under, and by virtue of, Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, to compel compliance with certain collective bargaining agreements and trust agreements and to collect unpaid fringe benefit contributions.

2. This Court has jurisdiction over this matter pursuant to Sections 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), Section 301 of the LMRA, and 28 U.S.C. § 1331.

3. Venue is proper pursuant to Section § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b).

**Parties**

4. The plaintiffs are the Trustees of Teamsters Pension Trust Fund of Philadelphia & Vicinity ("Pension Fund") and the Trustees of Teamsters Health & Welfare Trust Fund of Philadelphia & Vicinity ("Health Fund"). The plaintiffs are fiduciaries of the Pension Fund and the Health Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

5. The Pension Fund and the Health Fund are multi-employer benefit funds within the meaning of Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and 1002(37). (The Pension Fund and the Health Fund are at times referred to herein collectively as the "Funds.") The Funds receive and administer contributions from various contractors who are obligated to make contributions thereto by virtue of their having agreed to be bound by collective bargaining agreements with various local unions

affiliated with the International Brotherhood of Teamsters, including Local No. 107 ("Union"). The Funds' office is located at Suite 400, 6981 North Park Drive, Pennsauken, New Jersey 08109.

6. The defendant, Royal Petroleum Corporation ("Royal") is a Pennsylvania corporation with an address of 685 Elmwood Avenue, Sharon Hill, PA 19079.

## Background

7. Royal's employees who are represented by the Union are participants in and beneficiaries of the Funds.

8. Royal is a party to a collective bargaining agreement ("Agreement") with the Union. (A copy of the Agreement is attached hereto as Exhibit A.)

9. Article 36 of the Agreement requires Royal to make contributions to the Pension Fund and to the Health Fund for each hour worked by each employee.

## Count One

## Breach of Contract

10. Paragraphs 1 through 9 of this complaint are re-alleged as if fully set forth herein.

11. At all times relevant to this lawsuit, Royal employed individuals whose wages, hours, and terms and conditions of employment were governed by the Agreement.

12. Audits conducted by the Funds for the years 2012, 2013, 2014, and 2015 show that Royal has failed to make contributions to the Pension Fund in the amount of $12,118.58 for those years.

13. Audits conducted by the Funds for the years 2012, 2013, 2014, and 2015 show that

Royal has failed to make contributions to the Health Fund in the amount of $15,710.31 for those years. (Copies of the audits for 2012, 2013, 2014, and 2015 are attached hereto as Exhibit B.)

14. Royal's failure to make the contributions to the Funds in the total amount of $27,828.89 is a breach of the Agreement.

**Count Two**

**Violation of ERISA**

15. Paragraphs 1 through 14 of this Complaint are re-alleged as if fully set forth herein.

16. Section 515 of ERISA, 29 U.S.C. § 1145, requires that every employer, who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collective bargaining agreement, shall do so in accordance with such plan or agreement.

17. Section 502(g) of ERISA, 29 U.S.C. § 1132(g)(2), provides that in any action instituted for on or behalf of a multi-employer plan to enforce the payment of delinquent contributions, the Court shall, if judgment is entered in favor of the plan, award the plan: (a) the unpaid contributions, plus (b) interest on the unpaid contributions, plus (c) an amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages provided for under the plan in amount not in excess of 20 percent (or such higher percentage as may be permitted under federal or state law) of the amount determined by the Court under subparagraph (a), plus (d) reasonable attorney's fees and costs of the action, plus (e) such other legal or equitable relief as the court deems appropriate.

18. Royal's failure to pay its contributions to the Funds constitutes a violation of ERISA.

WHEREFORE, the plaintiffs pray that this Honorable Court grant the following relief:

(a) an Order directing Royal immediately to submit all overdue contribution reports to the Funds' administrator;

(b) an Order directing Royal to provide to the Funds' auditors complete access to its books and records so that the full amount owed to the Funds by Royal can be determined;

(c) judgment in favor of the plaintiffs in the amount of $27,828.89, plus the full amount determined by the auditors to be owed to the Funds, plus the amount of any unpaid contributions that arise or are discovered subsequent to the commencement of this lawsuit;

(d) interest on the unpaid contributions;

(e) liquidated damages as provided by ERISA and the Agreement;

(f) the reasonable litigation costs, auditors' fees, and attorneys' fees incurred by the plaintiffs in connection with this action; and

(g) such other legal and equitable relief this court deems just and proper and/or to which the plaintiff is otherwise entitled.

Respectfully submitted,

**Markowitz & Richman**

August 7, 2018
Date

/s/  R. Matthew Pettigrew, Jr.
R. Matthew Pettigrew, Jr.
123 South Broad Street – Suite 2020
Philadelphia, PA  19109
215-875-3132

Attorneys for Plaintiffs